**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION (CHATTANOOGA)**

| | | |
|---|---|---|
| REUBEN NEWSOME, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| CSX TRANSPORTATION, INC., | ) | **Plaintiff Demands a Jury Trial** |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Reuben Newsome, by and through counsel, files this Complaint for damages against Defendant CSX Transportation, Inc. (hereinafter "CSXT"), a corporation, respectfully showing the following:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Monteagle, Grundy County, Tennessee. Plaintiff is, and was at all times relevant herein, an employee of CSXT.

2. Defendant CSXT is a railroad corporation incorporated in the State of Virginia with its principal place of business in the State of Florida. Defendant CSXT is engaged in interstate commerce in the Southern Division (Chattanooga) of the Eastern District of Tennessee and has offices, agents, and carries on

significant operations in the Southern Division (Chattanooga) of the Eastern District of Tennessee.

3. Defendant CSXT maintains and operates Wauhatchie Yard, rail lines, tracks, locomotives and rail cars in the Southern Division (Chattanooga) of the Eastern District of Tennessee. CSXT does business, and was at all times mentioned herein, doing business within the jurisdiction of this Court as a common carrier of intrastate and interstate commerce.

4. Pursuant to 45 U.S.C. § 56, Defendant CSXT resides in the Southern Division (Chattanooga) of the Eastern District of Tennessee.

5. Defendant CSXT maintains a registered agent in the Eastern District of Tennessee, C T Corporation, 300 Montvue Road, Knoxville, Tennessee 37919-5546, and is subject to the jurisdiction of this Court.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and 45 U.S.C. § 56 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this district and division. Venue is also proper in this Court pursuant to 28 U.S.C. §§1391(b)(1), (c)(2), (d) and 45 U.S.C. § 56 because CSXT resides and/or does business in this district and division.

7. Plaintiff's action arises under the FELA, 45 U.S.C. §51, et seq., the Federal Locomotive Inspection Act ("FLIA"), 49 U.S.C. § 20701, et seq., and the statutes

and regulations promulgated and enforced by the Secretary of Transportation and the Federal Railroad Administration.

8. Plaintiff avails himself of all rights, benefits and immunities afforded them under the aforementioned statutes and regulations, including the right to maintain this action in this Court.

## FACTS

9. This civil action was filed within the applicable three-year statute of limitations period governing lawsuits brought pursuant to the FELA.

10. At all times herein mentioned, Defendant CSXT was an intrastate and interstate common carrier by railroad engaged in interstate transportation and commerce and is an employer subject to the FELA and FLIA.

11. At all times herein mentioned, Defendant CSXT had a non-delegable duty to provide Plaintiff with a reasonably safe place to work.

12. Assumption of risk is not a valid defense available to Defendant CSXT for a claim made by Plaintiff under the FELA.

13. At the time of his injury on September 10, 2025, Plaintiff, as employee, and Defendant CSXT, as employer, were mutually engaged in acts and services in the furtherance of interstate commerce and were engaged in work, which directly, closely and substantially affected the general interstate commerce carried on by Defendant CSXT.

14. At the time of filing this Complaint, Plaintiff remains an employee of Defendant CSXT. Plaintiff was never charged by Defendant CSXT with an operational and/or safety rule violation, nor has Defendant CSXT taken any disciplinary action against Plaintiff for the subject accident.

15. Plaintiff began his railroad career with Defendant CSXT in July 2005 as a freight conductor in various locations throughout Tennessee. At the time of his injury, Plaintiff was a certified locomotive engineer for Defendant CSXT.

16. On September 10, 2025, Plaintiff was called to work at 4:40 a.m, and arrived on time at 6:10am to work Job Y49309 as a CSXT locomotive engineer in CSXT's Wauhatchie Yard, located at 500 Wauhatchie Pike in Chattanooga, Tennessee.

17. On September 10, 2025, Plaintiff job briefed with his co-workers, CSXT conductor, Adam West and CSXT brakeman, D. Meeks, for approximately 45 minutes. In addition to the brakeman, there was also a CSXT employee flagging on the north end of the movements.

18. After the job briefing, Plaintiff started locomotives CSXT 4323, which was facing south, and CSXT 2649, which was facing north. Both locomotives were assigned to Job Y49309 that day. CSXT locomotive 4323 was already coupled to railcars.

19. Plaintiff and his crew moved the locomotives and the attached railcars to the north end of the yard where CSXT Yardmaster, Brian Bettis, instructed Plaintiff and his crew to remain in that location and wait on trains coming into Wauhatchie Yard.

20. Plaintiff and his crew waited until 9:30am on September 10, 2025 to make their first move of the day. Prior to the move, Plaintiff and his crew job briefed again, with CSXT conductor Adam West on the ground protecting the movement.

21. Plaintiff pulled on the railcars in the consist after they were coupled up and the slack was out.

22. CSXT Brakeman, D. Meeks, informed Plaintiff he was "good for 25," meaning Plaintiff had clearance to move his consist the equivalent of approximately 25 railcar lengths.

23. When starting the movement, Plaintiff sounded the horn and rang the bell as required by CSXT rules and applicable regulations.

24. The CSXT train operated by Plaintiff was given track time and authority to operate along the subject track and over the subject railyard crossing at the time of the subject collision, and at all times relevant herein, as part of carrying out his assigned job.

25. The Y49309 job order did not mention CSXT heavy duty maintenance trucks would be working on or near the track assigned to the Y49309.

26. The CSXT heavy duty maintenance trucks had been waiting on the Y49309 job and knew, or should have known, about the Y49309 job from their own job briefing.

27. Pursuant to CSXT Rules and applicable regulations, a CSXT Yardmaster must give permission to any vehicle that wishes to enter the subject rail yard crossing while the Y49309 job, or any active job, is operating in Wauhatchie Yard. Upon information and belief, no such permission was given to any CSXT heavy duty work truck operating within Wauhatchie Yard the morning of September 10, 2025 at or before the subject collision.

28. The subject rail yard crossing was equipped with gates that were operated by a manual remote. The gates could have been activated during the Y49309 job, but were not activated and were not protecting the subject crossing at the time of the collision.

29. Prior to the subject collision, there was a prior accident involving a PTI van at the subject crossing, which was investigated at the time of the accident by Defendant CSXT.

30. On September 10, 2025, while performing his job duties as a locomotive engineer working in CSXT's Wauhatchie Yard, operating locomotive CSXT 4323, Plaintiff was injured as a result of the negligence of the Defendant CSXT, its

agents, and/or employees as he attempted to perform of his assigned duties as a locomotive engineer.

31. On September 10, 2025, CSXT employee, J. Edmonds, was working in the course and scope of his employment with CSXT and was operating the CSXT heavy duty work truck involved in the subject collision.

32. J. Edmonds had previously been charged by Defendant CSXT with a rule violation for prior event whereby the CSXT heavy duty work truck he was operating caused an injury to another CSXT employee. CSXT employee Jared Dawson was riding in the passenger seat of the heavy duty CSXT maintenance truck in the passenger at the time of the subject collision.

33. On September 10, 2025, CSXT employee J. Edmonds operated the CSXT heavy duty work truck in an improper and negligent manner, when, without permission from the CSXT Yardmaster Brian Bettis and/or Trainmaster Corey Woolfork, he drove the CSXT heavy duty work truck directly across the rail crossing in the path of the CSXT train operated by Plaintiff.

34. When Plaintiff engaged the brakes on the CSXT locomotive 4323 at or about the time of the collision in a manner consistent with CSXT rules and his training, the resulting braking action caused the slack to run in on the locomotive he was operating.

35. The resulting subject collision between the CSXT heavy duty work truck and the CSXT train operated by Plaintiff was captured on video by yard camera(s) in Wauhatchie Yard.

36. CSXT charged J. Edmonds with rule violation(s) as a result of the subject collision.

37. At all times material hereto, Plaintiff's train had the right of way at the subject rail yard crossing involved in the subject collision and the CSXT heavy duty work truck had not been granted permission by anyone in CSXT management to enter the subject crossing.

38. When the subject collision occurred, Plaintiff was operating the locomotive in his seat on the engineer's side of the locomotive cab of CSXT locomotive 4323. The subject collision and brake application that Plaintiff was forced to initiate when the unexpected subject collision occurred, as well as the resulting slack action, caused Plaintiff's seat to slide back along the wall-mounted rail and then slide forward to the front of the locomotive cab.

39. At the time of the collision, and all times relevant thereafter, the engineer's seat in the locomotive cab of CSXT locomotive 4323 failed to lock into place at any point along the rail attached to the wall of the locomotive, causing the seat to sharply and freely slide back and forth along the wall-mounted rail. Upon information and belief, the exact seat on the engineer's side of the locomotive cab

of CSXT 4323 failed at least one other time, prior to the subject accident, while the locomotive was in use by another CSXT locomotive engineer.

40. At the time of the collision, and all times relevant thereafter, Plaintiff's seat was not securely mounted.

41. At all times material hereto, CSXT locomotive 4323 was under the exclusive control and possession of Defendant and Defendant's Agent/Employee.

42. As a direct result of the subject collision between Plaintiff's train and the heavy-duty work truck operated by CSXT employee, J. Edmonds, Plaintiff suffered significant physical and mental injuries.

43. As of the time of the filing of this lawsuit, Plaintiff has not been able to return to work as a locomotive engineer for Defendant CSXT.

44. As a direct result of said occurrence of September 10, 2025, Plaintiff has been caused to lose past and future income and fringe benefits, which Plaintiff otherwise would have earned.

**COUNT 1 – Negligence Claims, 45 U.S.C. § 51, et seq. (FELA)**

45. Plaintiff adopts all factual allegations stated above as if they were fully stated herein.

46. Defendant CSXT has a non-delegable duty to provide Plaintiff with a reasonably safe place to work.

47. Defendant CSXT, by and through its agents and employees, failed to provide a reasonably safe place for Plaintiff to work by failing to ensure that all locomotives and appurtenances were safe, free from defects, and in proper working order through proper inspections and maintenance as required.

48. Defendant CSXT, by and through its agents and employees, failed to provide a reasonably safe place for Plaintiff to work by failing to ensure that the rail yard crossings in Wauhatchie Yard were properly protected and secure during yard operations.

49. As a result of the incident of September 10, 2025 as described, Plaintiff was caused to suffer multiple injuries including, but not limited to, his back, torso, neck, hips and lower extremities. Plaintiff has also been caused to suffer emotional trauma and psychological pain, including anxiety and mental anguish. Plaintiff will endure pain, suffering and mental anguish and anxiety in the future.

50. As a result of the injuries sustained, Plaintiff has been caused to undergo medical treatment and will continue to incur additional medical treatment in the future due to the nature and extent of his injuries.

51. As a direct result of said occurrence, Plaintiff has been caused to lose income and fringe benefits, which he would otherwise have earned and, with reasonable certainty, will be caused to lose earnings and fringe benefits and loss of earning capacity in the future.

52. Plaintiff's injuries were caused, whether in whole or in part, by the negligence of Defendant, and/or its agents, servants or employees acting in the course and scope of their employment with Defendant and/or by a known defect or insufficiency of the workplace.

53. The negligence of Defendant is in violation of its non-delegable duty to provide Plaintiff with a reasonably safe place to work under the FELA.

54. The acts of negligence of Defendant, which caused, in whole or in part, injury to Plaintiff include, but are not limited to, the following:

a. management and/or co-employee's failures and deficiencies in operational compliance with operating rules regarding switching operations, including but not limited to, shove protection and protection of the yard crossings during active railyard operations;

b. management and/or co-employee's failures and deficiencies in operational compliance with radio usage and communication, including but not limited to, confirming and communicating the movements of Job Y49309 to all ground crews working in Wauhatchie Yard and confirming CSXT work trucks and all CSXT employees on the ground were in the clear prior to proceeding through and across rail yard crossings;

c. management and/or co-employee's failures and deficiencies in operational compliance regarding switching operations, including failure to utilize

the crossing gates at the subject rail yard crossing, which were installed to keep employees on the ground safe during active yard operations;

d. management and/or co-employee's failures and deficiencies in operational compliance regarding switching operations, building trains, and rail car operations without proper protection;

e. management and/or co-employee's failures and deficiencies in operational compliance regarding the failure of management personnel monitoring and directing yard movements and the failure to establish adequate protocols of the CSXT maintenance crews;

f. management and/or co-employee's ineffective operational practices and protections for workers at Wauhatchie Yard;

g. CSXT employee J. Edmonds' failure to maintain a proper and sufficient lookout for an approaching train, which he knew or should have known was actively engaged in switching operations in Wauhatchie Yard, prior to driving over a rail yard crossing;

h. management and/or co-employee's failures and deficiencies in continuing to allow CSXT employee J. Edmonds to operate a CSXT work truck despite his recent, prior incident whereby his negligent operation of a CSXT work truck caused injury to another CSXT employee; and

i. Defendant was otherwise negligent.

55. It is reasonably foreseeable that the negligence of Defendant CSXT as outlined in Count 1 would cause Plaintiff's injuries and damages.

56. Defendant CSXT knew or should have known of the unsafe conditions, inadequate practices, inadequate training and improper operations as indicated in Count 1 which caused, or contributed to cause, either in whole or in part, Plaintiff's injuries and damages.

57. Defendant's violation of the FELA was a legal cause of Plaintiff's injuries and damages.

58. All of Plaintiff's injuries and damages were caused, in whole or in part, by Defendant's failure to provide Plaintiff with a reasonably safe place to work.

## COUNT 2—Violation of the Federal Locomotive Inspection Act (49 U.S.C. § 20701, et seq.)

59. Plaintiff adopts all factual allegations stated above as if they were fully stated herein.

60. At all times relevant to this civil action, Defendant CSXT owed a non-delegable duty to provide Plaintiff with a reasonably safe place to work.

61. On September 10, 2025, Defendant failed to properly inspect and maintain the parts and appurtenances of CSXT locomotive 4323, which Plaintiff was operating.

62. Defendant knew or should have known of the unsafe condition(s) that existed on CSXT locomotive 4323, including, but not limited to, Plaintiff's

unsecure and defective seat at the time of the subject collision, which caused or contributed to cause, either in whole or in part, Plaintiff's injuries.

63. Defendant knew about a prior incident involving the seat on the engineer's side of the locomotive cab of CSXT locomotive 4323 that previously caused injury to another CSXT employee in a similar manner as Plaintiff.

64. Defendant's failure to properly inspect/maintain the parts and appurtenances of CSXT locomotive 4323, which was in use and under the exclusive control of Defendant at all times relevant herein, was a violation of the Federal Locomotive Inspection Act ("FLIA"), 49 U.S.C. § 20701, et seq.

65. As a direct result of the negligence of Defendant and/or its agents and employees, Plaintiff has been caused to suffer injuries and damages.

66. Defendant's failure to comply with the provisions of the FLIA amounts to negligence *per se.*

67. Defendant's violation of the FLIA was a legal cause of Plaintiff's injuries and damages.

68. As a result of Defendant CSXT's violation of the FLIA, Defendant is strictly liable to Plaintiff for all aforementioned injuries and damages.

69. Defendant was further negligent in failing to use reasonable care to provide Plaintiff with a reasonably safe place to work.

70. Defendant's negligence and violations created an unsafe workplace in violation of the FELA, 45 U.S.C. § 51, et seq..

71. As a direct result of the negligence of Defendant and/or its agents and employees, including Defendant's failure to comply with the provisions and requirements of the FELA, and its failure to comply with its own rules and regulations, Plaintiff suffered injuries.

72. Defendant's violation of the FELA was a legal cause of Plaintiff's injuries and damages.

73. As a direct result of Defendant CSXT's acts and/or omissions and the resulting subject incident, including the violations of the FLIA, Plaintiff has suffered significant injuries to his back, torso, neck, and hips. Plaintiff has also been caused to suffer emotional trauma and psychological pain, including anxiety and mental anguish. Plaintiff will endure pain, suffering and mental anguish and anxiety in the future.

74. As a result of the injuries sustained, Plaintiff has been caused to undergo medical treatment, and will continue to incur additional medical treatment in the future, due to the nature and extent of his injuries.

75. As a direct result of said occurrence, Plaintiff has been caused to lose income and fringe benefits, which he would otherwise have earned and, with

reasonable certainty, will be caused to lose earnings and fringe benefits and loss of earning capacity in the future.

76. All of Plaintiff's injuries were caused, in whole or in part, by Defendant's failure to provide Plaintiff with a reasonably safe place to work and its violation of the FLIA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

**WHEREFORE,** Plaintiff prays for the following:

a. Trial by jury;

b. Judgment in Plaintiff's favor and against Defendant CSXT in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury for all damages recoverable under applicable law, including, but not limited to, any and all lost wages and fringe benefits, any and all future lost wages and fringe benefits, loss of earning capacity, and past and future mental and physical pain and suffering, including mental anguish and anxiety, in an amount to be shown and determined at trial, and all other general damages;

c. All costs of Court to be cast against Defendant CSXT; and

d. Such other and further relief as this Court deems just and equitable.

Respectfully submitted this 23rd day of February, 2026.

**COOK, p.c.**

By: /s/Edward S. Cook
Edward S. Cook
GA Bar No. 183741
Admitted to practice in the EDTN
Lindsey A. Rodgers
BPR 036177, GA Bar No. 278885
Admitted to practice in the EDTN
ATTORNEYS FOR THE PLAINTIFF

970 Peachtree Industrial Boulevard
Suite 202
Suwanee, GA 30024
Ph. 404.841.8485
Fx. 678.541.5408
ecook@cookpclaw.com
lrodgers@cookpclaw.com